IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

                Plaintiff,

   v.

MEREDITH MASHAK, KEISHA PERRENOUD, DR. SALAM SYED, ELLEN O'BRIAN, MICHAEL DITTMAN, KERI LLOYD, and JOHN AND JANE DOES A AND B,

                Defendants.

OPINION & ORDER

17-cv-395-jdp

---

Plaintiff Prince D. Key, an inmate at the Wisconsin Secure Program Facility, filed this lawsuit in the Circuit Court for Dane County, Wisconsin, alleging that defendant prison officials violated his rights by failing to properly treat his knee after he injured it playing basketball, and that other officials retaliated against him for filing a grievance about unrelated misconduct by a social worker.

Defendants removed the case to this court and have paid the $400 filing fee for this action. Nonetheless, because Key is a prisoner, the next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Key is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing Key's complaint with these principles in mind, I conclude that the complaint violates Rule 20 of the Federal Rules of Civil Procedure by joining several claims together that do not belong in the same lawsuit. Accordingly, I will give Key the opportunity

to choose which claims he wishes to pursue under this case number, and to decide whether he wishes to bring his other claims in a second lawsuit.

ALLEGATIONS OF FACT

Plaintiff Prince D. Key is currently an inmate at the Wisconsin Secure Program Facility, but his claims concern his time at the Columbia Correctional Institution. In November 2014, Key injured his knee playing basketball. He experienced extreme pain, swelling, popping, and grinding, and eventually his knee stiffened and locked. Defendant medical staff prescribed inadequate amounts of pain medication, delayed in letting him see a specialist, and forced him to kneel in his cell even though it caused him pain.

Key also alleges that in February or March of 2014, he filed an inmate grievance about a unit social worker "for unauthorized solicitation while on duty." Dkt. 1-1, at 3. After this, prison officials (different from those who provided him with medical treatment) retaliated against him by seeking an amendment to his judgment of conviction to withdraw more of his funds for restitution, and they placed him in segregation.

ANALYSIS

Key has alleged several constitutional violations as well as possible state law negligence claims. However, he cannot proceed on all of his claims in this lawsuit because they are not sufficiently related to each other. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007). Key's claims about the substandard medical care for his knee involve acts of alleged wrongdoing that are separate from his claims against the officials who retaliated against him for filing a grievance about the social worker's misconduct.

Therefore, I will dismiss the complaint, at least as it is presently structured. At this point, Key need not submit a new amended complaint, but he will have to choose which set of claims he would like to pursue in this lawsuit. After Key has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and I will screen the claims he has chosen. If Key also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, but he will then owe the court a separate filing fee for the second lawsuit.

Key has also filed a motion "requesting the court to enter new evidence into the record," Dkt. 4, in which he asks me to consider medical records he submitted showing the extent of his knee injury. It is not yet time for Key to submit evidence proving his claims, so I will deny his motion. His current task is to decide which of his sets of allegation he wishes to pursue.

ORDER

IT IS ORDERED that:

1. Plaintiff Prince D. Key's complaint, Dkt. 1-1, is DISMISSED under Federal Rule of Civil Procedure 20.

2. Plaintiff may have until May 7, 2018, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

3. Plaintiff's motion "requesting the court to enter new evidence into the record," Dkt. 4, is DENIED.

Entered April 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge