IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

                              Plaintiff,

   v.                                                OPINION and ORDER

MEREDITH MASHAK, KEISHA PERRENOUD,              17-cv-395-jdp
DR. SALAM SYED, ELLEN O'BRIAN,
and JOHN AND JANE DOES A AND B,

                              Defendants.

---

Plaintiff Prince D. Key, appearing pro se, is an inmate currently at Wisconsin Secure Program Facility. Key alleges that defendant prison officials at Columbia Correctional Institution (CCI) violated his rights by failing to properly treat his knee after he injured it playing basketball. The parties have filed several motions.

A. **Supplement to the complaint**

I granted Key leave to proceed on the following groupings of claims under the Eighth Amendment to the United States Constitution and under Wisconsin negligence law:

- Defendants Meredith Mashak, Dr. Salam Syed, and Ellen O'Brian ignored Key's medical problems, persisted in ineffective medical treatment for his injured knee, and prescribed him unsafe medication.

- Unidentified "John and Jane Doe" defendants forced Key to kneel when they came to his cell to put him in ankle restraints. Key asked the "special needs committee" for a "no-kneel" restriction, but defendants Keisha Perrenoud and John and Jane Does on the committee denied the request.

Key has filed a motion for leave to supplement his complaint, Dkt. 11, which I will grant in part. The operative complaint is now Dkt. 1-1 and Dkt. 12 combined. The thrust of the supplement is Key's identification of the John and Jane Doe officials whom I have already allowed him to proceed against. He names Correctional Officer William Conroy as an officer

who forced him to kneel in his segregation cell despite his injury, and he names Tricia Anderson, Pamela Schmidt, and Don Morgan as the members of the Special Needs Committee that denied his no-kneel request. I will substitute these defendants for the Does.

Key also names Bryan Gerry as a sergeant in the segregation unit. But Key does not say that Gerry is one of the Does who forced him to kneel, nor does he allege any other action by Gerry that violated his rights. So I will not add Gerry to the case.

Key attempts to add a series of defendants who worked in the CCI medical unit. Key alleges that these defendants were responsible for delays in him being seen by a doctor, and that these same defendants failed to ensure that Key's medication for mental-health issues were sent along when Key was transferred from CCI to Wisconsin Secure Program Facility in August 2016. But Key's allegations about the delays in doctor appointments are too vague to support Eighth Amendment or negligence claims. Key needs to explain what problem he alerted medical staff to and how long it took for them schedule an appointment. He alleges that at one point he waited 50 days to see a doctor, but even outside the prison setting, it's common for patients to face wait times, depending on the type of problem complained about. I will not allow him to proceed on claims against this set of defendants.

Key alleges that the same set of defendants failed to transfer his mental-health medications. These allegations may state Eighth Amendment and negligence claims. But as I explained in my April 16, 2018 order screening Key's original complaint, he cannot bring claims against a separate set of defendants for events unrelated to his claims about his knee. *See* Dkt. 5, at 2–3. Allegations about denial of mental-health medications are not plausibly connected to his knee treatment. He cannot bring any of his claims against this set of defendants in this lawsuit.

## B. Extension of time to answer

Defendants filed a motion for extension of time to file their answer to Key's supplement and accept service for the newly named defendants. Dkt. 13. They eventually followed with an answer and an acceptance-of-service form. *See* Dkt. 19 and Dkt. 20. In the court's preliminary pretrial conference order, defendants were given a deadline to answer if Key submitted an amended complaint naming the Doe defendants. Key's supplement did more than that, adding new claims as well, so I would have allowed defendants to wait until I screened those claims to file their answer. And in any event, Key was not prejudiced by the later filing of these documents. So I will grant defendants' motion.

## C. Recruitment of counsel

Key has filed two motions asking the court to appoint him counsel, saying that he has no legal education and that the case involves complex medical issues. Dkt. 15 and Dkt. 17.

I will deny Key's motions. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Key says that he cannot afford counsel but he does not support this assertion with any evidence. Defendants removed this case from state court, so I do not have the financial information that plaintiff prisoners usually include with cases they

bring in this court. If Key refiles his motion later in the case, he should include a copy of his most recent trust fund account statement.

Even had Key shown that he is indigent, I would deny the motion. The other two things a party seeking counsel must show are that he has made reasonable efforts to locate an attorney on his own and that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Id.* The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Key shows that has contacted several lawyers who have failed to respond, which is enough to show that he has made reasonable efforts. But I am still not convinced that the case will be too difficult for him to handle. Key has litigated other actions in this court and has proven capable of conducting discovery and responding to summary judgment motions. At this point in the lawsuit, I cannot tell whether the case will truly boil down to complex medical or scientific issues.

So I will deny Key's motions for now. If Key continues to believe that he is unable to litigate the lawsuit himself as the case progresses, he is free to renew his motion. But he will have to explain what specific litigation tasks he cannot perform.

**D. Mediation**

Key has filed a motion for the court to refer this lawsuit for mediation. Dkt. 22. Although parties are always encouraged to consider mediation and settlement, this court does

not generally require parties to engage in mediation, particularly when only one party expresses interest. Accordingly, I will deny Key's motion. Key remains free to discuss the possibility of mediation with defendants, and the parties should contact Magistrate Judge Peter Oppeneer should both sides believe that mediation would be worthwhile.

ORDER

IT IS ORDERED that:

1. Plaintiff Prince D. Key's motion to supplement his complaint, Dkt. 11, is GRANTED in part.

2. Plaintiff is GRANTED leave to proceed on the following Eighth Amendment and Wisconsin-law negligence claims:

   - Defendants Meredith Mashak, Dr. Salam Syed, and Ellen O'Brian ignored plaintiff's medical problems, persisted in ineffective medical treatment for his injured knee, and prescribed him unsafe medication.
   - Defendant William Conroy forced plaintiff to kneel when Conroy came to his cell to put him in ankle restraints. Plaintiff asked the "special needs committee" for a "no-kneel" restriction, but defendants Keisha Perrenoud, Tricia Anderson, Pamela Schmidt, and Don Morgan denied the request.

3. Defendants' motion for extension of time to file their answer to plaintiff's supplement and accept service for the newly named defendants, Dkt. 13, is GRANTED.

4. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkt. 15 and Dkt. 17, are DENIED.

5. Plaintiff's motion for court-ordered mediation, Dkt. 22, is DENIED.

Entered November 27, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge