IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

                Plaintiff,

v.

MEREDITH MASHAK, KEISHA PERRENOUD,
SALAM SYED, ELLEN O'BRIEN,
WILLIAM CONROY, TRISHA ANDERSON,
PAMELA SCHMIDT, and DON MORGAN,

                Defendants.

OPINION and ORDER

17-cv-395-jdp

---

    Plaintiff Prince D. Key appearing pro se, alleged that defendant prison officials failed to treat his knee injury by ignoring the problem, persisting with inadequate treatment, and forcing him to kneel in his cell despite his severe right knee pain. After defendants removed the case from state court to this court, I granted defendants' motion for summary judgment on all of Key's Eighth Amendment claims and a portion of his state-law claims: some of Key's claims were barred on claim preclusion grounds and he otherwise failed to show that any of the defendants consciously disregarded his medical needs. *See* Dkt. 48. I remanded the remaining Wisconsin-law claims to state court.

    Key has filed a document he calls a motion for reconsideration of my summary judgment opinion, Dkt. 51, which I will treat as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered in defendants' favor. Rule 59(e) permits a court to amend a judgment only if the moving party demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g.*, *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Key fails to demonstrate either of those things here, so I'll deny his motion.

Key contends that I erred in dismissing his Eighth Amendment claim against defendant Dr. Salam Syed for failing to provide him with adequate treatment for his knee pain. Key says that because Syed prescribed types of medication or treatment that had previously not worked to alleviate his pain, and because he waited too long to try other treatments, a reasonable jury could conclude that Syed consciously disregarded his pain by "persist[ing] in a course of treatment known to be ineffective." *See Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016). But I addressed this precise argument in my summary judgment order, and nothing Key says now persuades me that I erred in ruling that no reasonable jury could conclude that Syed acted with conscious disregard to Key's pain. Over the 16-month period that Syed treated Key, Syed attempted numerous different treatments, including a knee sleeve, ice, physical therapy, an MRI, a referral to orthopedics, and multiple medications, including naproxen, acetaminophen, muscle rub, nortriptyline, and a cortisone shot. As I stated in my summary judgment opinion, the Constitution does not guarantee successful treatment, and not all chronic pain can be eliminated. Syed's failure to find a treatment that completely alleviated Key's pain is an issue for his state-court medical malpractice claim, but the record does not raise a reasonable inference that Syed disregarded Key's pain.

One aspect of Key's Eighth Amendment claims was that Syed unsafely prescribed him nortriptyline because he was already taking another antidepressant. I stated that Key didn't present any evidence supporting an Eighth Amendment claim beyond his speculation that prescribing two antidepressants at a time would harm him. Dkt. 48, at 14. Key says that "[m]any commercials on television [and] many of [his] treating psychiatrist[s] warn against mixing psychotic medications such as antidepressants," and he attaches a DOC medication information form for nortriptyline stating that he should not take it with other antidepressants.

*See* Dkt. 51-5, at 2. This attachment is evidence that Key could have obtained before summary judgment and so it isn't properly raised in a Rule 59 motion. Moreover, it's not enough to raise a reasonable inference that a Syed, a doctor trained in understanding drug interactions, exercised conscious disregard by prescribing two antidepressants at the same time.

Key states that he should have been allowed to present supplemental briefing on the issue—as he notes I allowed in another of his lawsuits, *Key v. Mashak*, No. 15-cv-673-jdp, 2019 WL 367640 (W.D. Wis. Jan. 30, 2019)—so that he or DOC medical officials could testify about the danger of mixing antidepressants. But the '673 lawsuit was an example of the rare case in which I ask for supplemental briefing to clarify simple factual issues about the events of the case that neither party properly addressed, before resorting to an expensive and time-consuming trial. *See id.* at *2 ("In my previous order, I stated that the parties were unclear about who was responsible for scheduling and re-scheduling the doctor appointments."). In this case, Key simply failed to support his claim against Syed with admissible evidence showing that Syed put him at risk; he is not entitled to a second chance at marshaling evidence supporting his claims. And even now he doesn't present any medical evidence showing that this specific decision by Syed was reckless enough to violate his Eighth Amendment rights.

I dismissed Key's Eighth Amendment claim against defendant orthopedist Ellen O'Brien for refusing to evaluate him until he completed physical therapy and by failing to give him better pain medication. Key says that was incorrect because he had a "'right now injury' that required 'right now treatment.'" Dkt. 51, at 4. But he doesn't provide medical evidence showing that O'Brien failed to treat him. As I stated in dismissing the claim, O'Brien didn't refuse to evaluate him—she reviewed his medical records, including his MRI, and recommended physical therapy. She exercised medical judgment in deciding that Key should

complete therapy before attempting other treatment because physical therapy strengthens the area of injury. And she knew that he was concurrently receiving pain treatment from Syed. Nothing in Key's Rule 59 motion suggest that I erred in dismissing this claim.

In support of his claims against defendants Health Services Unit Manager Meredith Mashak, Bureau of Health Services nursing coordinator Keisha Perrenoud, and the members the Special Needs Committee that denied him a "no kneel" restriction, Key cited to an "exhibit 22," a document that he did not attach to his summary judgment materials or explain where it was located in the record and that I could not locate elsewhere in the record. Key says that I should have considered that document in my summary judgment opinion.

Key states that the exhibit was attached to his original complaint and so he assumed that it made it onto this court's record following removal from state court. That document wasn't attached to the copy of the complaint included in the removal packet, Dkt. 1, although I now see that it was included in a separate copy of the state-court record, Dkt. 3, and Key submits another copy, Dkt. 51-2. So I'll consider the filing, which contains his inmate grievance materials about the Special Needs Committee failing to give him a no-kneel restriction despite his injury: he was therefore required to kneel when exiting or entering his cell for staff to apply ankle restraints. *Id.*

I dismissed Key's Eighth Amendment claims against Mashak and Perrenoud in part because he didn't show that they were personally involved in rejecting the request for a no-kneel restriction. Dkt. 48, at 16–17. Exhibit 22 does show that Perrenoud was consulted by the complaint examiner before denying his grievance and that Mashak was given a copy of the decision. But I've already concluded that Key's underlying medical evidence wasn't enough to show that the Special Needs Committee defendants consciously disregarded his problem by

failing to give him the restriction, *see* Dkt. 48, at 16–17. Key fails to show how Perrenoud violated the Eighth Amendment by upholding that decision. And the mere fact that Mashak was given a copy of the grievance decision isn't enough to show that she was personally involved in violating Key's rights.

With regard to the underlying decision by the Special Needs Committee, Key contends that I overlooked the importance of another medical report, an MRI report from August 2015 (a few months before the committee considered his no-kneel request) stating that there was "[p]artial-thickness cartilage loss of the lateral femoral trochlea," which he takes to mean that he was suffering from degenerative knee disease in his right knee, a condition that would usually warrant a no-kneel restriction. Dkt. 51-1. But Key doesn't establish that the report diagnosed him with that malady: that report did not explicitly note that he was suffering from degenerative knee disease, and it instead noted that Key's "menisci are intact." *Id*. Key had instead been diagnosed with a "lateral tracking" patella, meaning that the kneecap moves too far to the outside when the leg is bent. Defendant Nurse Trisha Anderson (the medical staffer on the committee) concluded that Key's medical records did not show a medically necessary problem and that his knee pain was already being treated in other ways. As I stated in the summary judgment opinion, Key may not agree with this assessment, but no reasonable jury could conclude that Anderson and the committee acted with conscious disregard to his problem. The decision to deny the request for a no-kneel restriction is another issue for his Wisconsin-law malpractice claims; Key does not persuade me that I erred in dismissing his Eighth Amendment claims.

ORDER

IT IS ORDERED that plaintiff Prince D. Key's motion to alter or amend the judgment, Dkt. 51, is DENIED.

Entered October 27, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge